United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60992

_____


ANNIE STRAUGHTER,

                                        Plaintiff-Appellant,

versus

VICKSBURG WARREN SCHOOL DISTRICT,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Mississippi
(USDC No. 5:03-CV-224)

_____


Before REAVLEY, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

     Annie Straughter appeals the district court's summary judgment in favor of

Vicksburg Warren School District in her Title VII sex discrimination lawsuit, brought

after she was not promoted to principal of the District's alternative school, a male

candidate (Charles Sanders) having been chosen.  Reviewing the record de novo and

---

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

applying the same legal standard as the district court, we affirm the district court's decision for the following reasons:

1.  Straughter has failed to rebut or create a genuine issue of material fact regarding each of the District's proffered non-discriminatory reasons for not promoting her from assistant principal to principal of the District's Center for Alternative Programs (CAPS).

2.  As one of its reasons for hiring Sanders over Straughter, the District cites its opinion that Sanders was the more qualified candidate for the job. Straughter and Sanders had nearly identical academic credentials. Despite having completed a key certification prior to application and having five more years experience as a District assistant principal than Sanders, Straughter has not shown that she was so clearly better qualified than Sanders as to prove the District's justification pretextual. Price v. Fed. Express Corp., 283 F.3d 715, 723 (5th Cir. 2002). Sanders's additional special education experience with other employers "could have reasonably outweighed" Straughter's certified status and longer tenure as assistant principal. Id.

    The fact that Straughter was ranked hirer than Sanders by a majority of the recommendation committee after its initial interview does not demonstrate that sex was a motivating factor in the District's decision. While the committee "scorecards" in evidence are ambiguous, by

2

Straughter's own interpretation of the ranking, at least one rejected male candidate was also ranked higher than Sanders by the majority of committee members.

The District also cites Straughter's poor second interview along with Sanders's relatively more enthusiastic attitude and better working relationships with the superintendents and other administrators as crucial in the hiring decision. While Straughter asserts she does not remember the particular incident raised by the District to demonstrate a lack of maturity in work relationships, she does not deny problems with a fellow administrator during the time she served as assistant principal at another campus. Further, we have recognized that an employer's consideration of such subjective criteria does not demonstrate pretext. Manning v. Chevron Chem. Co., 332 F.3d 874, 882 (5th Cir. 2003).

4. While Straughter's apparently commendable prior attendance record permitted her to accrue significant leave time, she has failed to show that the exercise of so many personal and sick days in the four years immediately proceeding her application to be principal could not reasonably have influenced the District's decision against her. That the District had not, prior to her application, expressed any concern about Straughter's absences is not highly probative. Even if the District did not regard her

3

absences as problematic when she was assistant principal, Straughter offers no evidence to suggest that the District could not reasonably consider such absences problematic in a candidate for principal.

5.    Straughter raised credible evidence that (1) the hiring superintendents misinterpreted her complaints about the lack of proper procedures in transferring students to CAPS, and (2) the fallout from a corporal punishment incident was erroneously attributed to her conduct. However, that the District relied on the possibly incorrect belief that Straughter was negative about the CAPS program or that she was responsible for the punishment incident does not create a fact issue as to the District's justification that Straughter lacked enthusiasm and leadership qualities. See Bryant v. Compass Group USA. Inc., 413 F.3d 471, 478 (5th Cir. 2005) (upholding termination based on non-discriminatory, though possibly inaccurate, information).

AFFIRMED.

4